NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YUEHUA HE,

    Petitioner,

 v.

ALBERTO R. GONZALES, Attorney
General,

    Respondent.

No. 06-73819

Agency No. A097-854-167

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2011[**]
Pasadena, California

Before: RYMER and BYBEE, Circuit Judges, and QUIST, Senior District
Judge.[***]

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for Western Michigan, Grand Rapids, sitting by designation.

Petitioner Yuehua He, a Chinese national, petitions for review of a Board of Immigration Appeals ("BIA") decision that denied her application for asylum on the ground that she had firmly resettled in Venezuela. We grant the petition and remand for further development of the record.

Where the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review "is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia v.INS*, 204 F.3d 985, 990 (9th Cir.2000)). We must uphold the BIA's finding of firm resettlement "if supported by reasonable, substantial, and probative evidence on the record considered as a whole, and we will reverse only if a reasonable fact-finder would have been compelled to reach a different conclusion." *Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir. 2006) (en banc) (internal quotation marks and citation omitted).

Here, the BIA found Petitioner firmly resettled in Venezuela because Petitioner stated in her asylum application that she was granted "long-term resident status" in Venezuela and because Petitioner resided in Venezuela for over 9 years. However, Petitioner testified at her asylum hearing that she was not permitted to remain in Venezuela permanently and that by "long-term resident status" she

2

meant a tourist visa requiring yearly renewal. Presuming, as we must, that Petitioner's factual contentions are true[1], we cannot conclude that substantial evidence supports the BIA's firm resettlement finding; a tourist visa requiring yearly renewal suggests temporary, rather than permanent, resettlement. *See* 8 C.F.R. § 1208.15 ("An alien is considered to be firmly resettled if, prior to arrival in the United States, he or she entered into another country with, or while in that country received, an offer of *permanent* resident status, citizenship, or some other type of *permanent* resettlement." (emphasis added)); *Maharaj*, 450 F.3d at 964 (stating that the above regulation "plainly requires . . . a threshold showing that the alien had an offer of some type of official status permitting him to reside in the third country *indefinitely*") (emphasis added).

The government argues substantial evidence supports the BIA's decision because Petitioner's Chinese passport contains a five-year Venezuelan residence stamp. Although we acknowledge that Petitioner's five-year Venezuelan residence stamp represents stronger evidence of firm resettlement, we cannot accede to the government's argument for two reasons. First, because the BIA did not discuss or

---

[1]The IJ found Petitioner credible and the BIA did not make an adverse credibility determination. "Where the BIA does not make an explicit adverse credibility finding, we must assume that the applicant's factual contentions are true." *Navas v. INS*, 217 F.3d 646, 652 n.3 (9th Cir. 2000).

rely upon Petitioner's residence stamp, we cannot affirm the BIA's firm resettlement finding on this ground. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1021 (9th Cir. 2004) ("[W]e must decide whether to grant or deny the petition for review based on the Board's reasoning rather than our own independent analysis of the record."). Second, even if we could consider this evidence, we cannot tell on the present record whether a five-year residence stamp from Venezuela represents an offer of permanent resettlement; it may very well represent such an offer but the answer, of course, depends on the significance that Venezuelan law attaches to this residence stamp.

Accordingly, we hold that substantial evidence does not support the BIA's firm resettlement finding and that the government has not yet met its "initial burden of showing that the government of the third country issued to the alien a formal offer of some type of official status permitting the alien to reside in that country *indefinitely*." *Maharaj*, 450 F.3d at 976 (emphasis added). However, because the record does not foreclose the conclusion that Petitioner firmly resettled in Venezuela, we remand to the BIA to permit further development the record. *See id.* at 964 (remanding to investigate whether, under Canadian law, petitioner's eligibility for work and benefits "means that Canadian authorities thereby recognized a right to stay indefinitely in that country").

4

GRANTED and REMANDED.